**Opinion filed June 8, 2023**



In The

# Eleventh Court of Appeals

_____

## No. 11-22-00205-CR

_____

## JOSE ALFREDO JIMENEZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 161st District Court**
**Ector County, Texas**
**Trial Court Cause No. B-21-0353-CR**

## M E M O R A N D U M   O P I N I O N

Jose Alfredo Jimenez, Appellant, originally pled guilty to the third-degree felony offense of Driving While Intoxicated 3rd or More. *See* TEX. PENAL CODE ANN. § 49.09(b)(2) (West Supp. 2022). Pursuant to the terms of the plea agreement between Appellant and the State, the trial court sentenced Appellant to five years in the Institutional Division of the Texas Department of Criminal Justice (TDCJ),

suspended that sentence, and placed Appellant on community supervision for five years. The State later filed a motion to revoke Appellant's community supervision. At the hearing on the State's motion to revoke, the State abandoned five of its seven allegations in its motion, and Appellant pled true to the remaining allegations. The trial court found true the two allegations to which Appellant pled true, revoked Appellant's community supervision, and assessed his punishment at five years in the Institutional Division of TDCJ. We affirm.

Appellant's court-appointed counsel has filed in this court a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and concludes that the appeal is frivolous and without merit. Counsel provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of both the clerk's record and the reporter's record. Counsel advised Appellant of his right to review the record and file a response to counsel's brief. Counsel also advised Appellant of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 68. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant has not filed a pro se response to counsel's *Anders* brief. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit. The record from the revocation hearing shows that Appellant failed to abstain from using intoxicating beverages and failed to attend, participate, and successfully complete a driving while intoxicated victim impact panel and provide proof of same as required by the terms

of his community supervision.  We note that proof of one violation of the terms and conditions of community supervision is sufficient to support revocation.  *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009).  In this regard, a plea of true standing alone is sufficient to support a trial court's decision to revoke community supervision.  *See Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979).  Furthermore, absent a void judgment, issues relating to an original plea proceeding may not be raised in a subsequent appeal from the revocation of community supervision.  *Jordan v. State*, 54 S.W.3d 783, 785–86 (Tex. Crim. App. 2001).  Based upon our review of the record, we agree with counsel that no arguable grounds for appeal exist.[1]

We conclude, however, that the judgment contains nonreversible errors.  First, there is a variation between the oral pronouncement of sentence and the written judgment revoking Appellant's community supervision.  Second, the bill of costs attached to the written judgment includes an $800 assessment for court-appointed attorney's fees.

The written judgment and the bill of costs include reimbursement fees of $1,155 and $950, respectively.  When the trial court assessed Appellant's punishment and orally pronounced the sentence in open court, the trial court stated that Appellant was responsible for reimbursement fees of $1,095.  The trial court was required to pronounce the sentence in Appellant's presence.  *See* TEX. CODE CRIM. PROC. ANN. art. 42.03 (West Supp. 2022); *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004).  When there is a variation between the oral pronouncement of sentence and

---

[1]We note that Appellant has a right to file a petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure.

the written judgment, the oral pronouncement controls. *Coffey v. State*, 979 S.W.2d 326, 328–29 (Tex. Crim. App. 1998).

In addition, the reimbursement fees include a charge for Appellant's court-appointed attorney. The trial court had determined that Appellant was indigent and appointed counsel to represent Appellant during the original guilty plea proceeding, the revocation proceeding, and the appeal. Because the trial court determined that Appellant was indigent and because nothing in the record demonstrates that he was able to pay all or part of his attorney's fees, the court-appointed attorney's fees related to the revocation proceeding cannot be assessed against Appellant. *See Mayer v. State*, 309 S.W.3d 552, 555–56 (Tex. Crim. App. 2010); *Jackson v. State*, 562 S.W.3d 717, 723 (Tex. App.—Amarillo 2018, no pet.).

As a result, we conclude that the trial court's oral pronouncement conflicts with the written judgment and that the trial court improperly assessed court-appointed attorney's fees. Because we have the necessary information for reformation, we modify the trial court's judgment revoking Appellant's community supervision and the attached bill of costs. Accordingly, we amend the bill of costs by deleting the assessment of $800 for attorney's fees incurred during the revocation proceeding, and we modify the judgment to reduce the amount of reimbursement fees by $800 to reflect the deletion. *See Taylor*, 131 S.W.3d at 502; s*ee also Flye v. State*, No. 11-20-00214-CR, 2021 WL 2965252, at *2 (Tex. App.—Eastland July 15, 2021, no pet.) (mem. op., not designated for publication) (modifying the judgment to delete assessment of court-appointed attorney's fees); *Winegeart v. State*, No. 11-19-00299-CR, 2020 WL 1294616, at *2 (Tex. App.—Eastland 2020, pet ref'd) (mem. op. not designated for publication (modifying the judgment and bill of costs to delete improperly assessed court-appointed attorney's fees).

Accordingly, we grant counsel's motion to withdraw; modify the judgment revoking Appellant's community supervision and the bill of costs to delete the $800 charge for court-appointed attorney's fees assessed against Appellant; and, as modified, affirm the judgment of the trial court.

JOHN M. BAILEY
CHIEF JUSTICE

June 8, 2023

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

5